IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-20014 TPA |
| | ) | |
| NATALIA V. ZAVODCHIKOV, | ) | CHAPTER 11 |
| | ) | |
| DEBTOR. | ) | |

## AMENDED PLAN OF REORGANIZATION

(filed November 22, 2014)

TO ALL PARTIES IN INTEREST OF NATALIA V. ZAVODCHIKOV, DEBTOR HEREIN.

WHEREAS, this is an Amended Plan of Reorganization which was filed by the Debtor, Natalia V. Zavodchikov, on November 22, 2014;

WHEREAS, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 2, 2014, for the purpose of reorganizing her financial affairs;

WHEREAS, such reorganization under this Plan will tend to rehabilitate the financial status of the Debtor and will be in the best interest of her creditors.

NOW THEREFORE, the Debtor hereby propose in compliance with 11 U.S.C. §1121, et a seq. the following Plan of Reorganization which comprises the following articles:

Article   I   -   Definitions
Article   II   -   Summary of Classification of Claims and Interests
Article   III   -   Classification of Claims and Interests
Article   IV   -   Treatment of Unimpaired Claims and Interests
Article   V   -   Unclassified Priority Tax Claims
Article   VI   -   Treatment of Impaired Claims
Article   VII   -   Means for Implementation of the Plan
Article   VIII   -   Provisions for Claims and Equity Security Interests Generally
Article   IX   -   Discharge and Final Decree
Article   X   -   Retention of Jurisdiction
Article   XI   -   Miscellaneous Provisions

# I. Definitions

The following terms, when used in this Plan of Reorganization, will, unless the context otherwise indicates, have the following meanings, respectively:

1.01 **"Administrative Expense Claim"** means any right to payment constituting a cost or expense of administration of the Chapter 11 case allowed under Section 503(b) and 507(a)(1) of the Code.

1.02 **"Allowed Claim"** means a claim to the extent such claim is either (a) scheduled by the Debtor on its Schedules D, E, or F, not listed as contingent, unliquidated or disputed or (b) as otherwise been allowed by a final order or pursuant to the Plan.

1.03 **"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District of Pennsylvania.

1.04 **"Code"** means Title 11 of the United States Code, 11 U.S.C §101,et seq. as amended.

1.05 **"Claim"** has the meaning set forth in Section 101 of the Bankruptcy Code.

1.06 **"Class"** shall have the mean the category of holders of claims or equity interests in such category as provided by 11 U.S.C. Sec. 1122 of the Code, each such Class being more fully defined in Article III of the Plan.

1.07 **"Collateral"** means any property interest in the property of the Debtor's estate that is subject to a lien to secure the payment or performance of the claim which lien is not avoidable or otherwise invalid under the Code or state law.

1.08 **"Debtor "** means Natalia V. Zavodchikov.

1.09 **"Debtor's Assets"** means all assets of the Debtor including the Debtor's real and personal property.

1.10 **"Disclosure Statement"** means the Disclosure Statement related to the Plan and approved by the Court.

1.11 **"Disputed"** means that portion or all of a claim that is not an allowed claim.

1.12 **"Exempt Property"** shall mean the Debtor's Assets.

1.13 **"Final Court Approval"** means when all appeals relating to an Order entered by the Court are finally resolved.

1.14 **"General Unsecured Claim"** means a claim that it not an Administrative, Priority, or Secured Claim.

1.15 **"Lien"** has the meaning set forth in Section 101 of the Bankruptcy Code.

1.16 **"Personal Property"** shall mean all the Debtor's personal property listed on here Schedule B.

1.17 **"Plan"** means this Plan of Reorganization and any modifications and amendments.

1.18 **"Plan Confirmation Date"** means the date the order confirming the Plan is entered by the Court, if no appeal of the Order of Confirmation is filed. If an appeal is filed, the Plan Confirmation Date is the date the Order confirming the Plan becomes final and not subject to further appeal.

1.19 **"Plan Distribution Date"** shall mean the 90th after the Plan Confirmation Date provided all Class 10 claims have been finally allowed or disallowed as of said date. If the event that all such claims have not been finally allowed or disallowed as of said date, the Plan Distribution Date shall be 15 days after all such claims have not been finally allowed or disallowed. It is anticipated that all such claims will be finally allowed or disallowed by the 90th day after the Plan Confirmation Date.

1.20 **"Plan Effective Date**" means the 30th day after the Plan Confirmation Date.

1.21 **"Priority Claim"** means any claim that is entitled to priority in accordance with section 507(a) of the Bankruptcy Code, other than an administrative expense claim.

1.22 **"Secured Claim"** means any claim that is secured by a valid lien on the Debtor ' property.

1.23 **"Residence"** means the Debtor's residence located at 416 Johnston Road, Pittsburgh, PA 15241, Lot and Block 569-R-91. The property was appraised at $470,000 on August 11, 2014, by F. James Zak

# Article II.  Summary of Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | Class 1  - Federal National Mortgage Association | [Impaired] |
| 2.02 | Class 2  - SunTrust Mortgage (to be avoided) | [Impaired] |
| 2.03 | Class 3  - IRS secured claim | [Impaired[ |
| 2.04 | Class 4  - PA Revenue secured claim (to be avoided) | [Impaired] |
| 2.05 | Class 5  - Capital One Bank USA secured claim (to be avoided) | [Impaired] |
| 2.06 | Class 6  - Whirl Magazine secured claim (to be avoided) | [Impaired] |
| 2.07 | Class 7  - Administrative claims | [Unimpaired] |
| 2.08 | Class 8  - U.S. Department of Education (education loan) | [Impaired] |
| 2.09 | Class 9  - Non-priority unsecured claims | [Impaired] |
| 2.11 | Class 10 - Equity security interests | [Unimpaired] |

# Article III. Classification of Claims and Interests

*Secured Claims*

3.01    **CLASS 1** -  The secured claim of the **Federal National Mortgage Association** as serviced by Seterus, Inc. and as set forth in Claim No. 11 which is secured by a first mortgage against the Residence to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.02    **CLASS 2** -  The secured claim of **SunTrust Mortgage, Inc.,** which is secured by a second mortgage against Residence to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code [it is anticipated that this lien will be avoided in an action under 11 U.S.C. Sec. 506].

3.03    **CLASS 3** - The secured claim of the **Internal Revenue Service ("IRS")** as set forth in Claim No. 3 which is secured by the Debtor's personal property to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.04    **CLASS 4** -   The secured claim of **Pennsylvania Department of Revenue** (**"Revenue"**) which is secured by the Debtor's personal property to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code nor avoided under the Stipulation [it is anticipated that this lien will be avoided in an action under 11 U.S.C. Sec. 506].

3.05    **CLASS 5** -  The secured claim of **Capital One Bank, USA,** which is secured by a judicial lien  against the Residence, to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code [it is anticipated that this lien will be avoided in an action under 11 U.S.C. Sec. 506].

3.06   **CLASS 6** - The secured claim of **Whirl Magazine, LLP,** which is secured by a judicial lien against the Residence, to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code [it is anticipated that this lien will be avoided in an action under 11 U.S.C. Sec. 506].

*Classified Priority Claims*

3.07   **CLASS 7** - All claims for administrative expenses by Debtor's counsel, **Gary W. Short,** the **Office of the United States Trustee** fees, the **Clerk's Office of the Bankruptcy Court**, and all other administrative claimants, whose claims are entitled to priority under §507(a)(1) of the Code.

*Non-Classified Priority Claims*

3.08   **NON-CLASSIFIED CLAIMS** - The priority tax claims of the **IRS** as set forth in Claim No. 3 and **Revenue** as set forth in a Stipulation between the Debtor and Revenue, which was approved by the Court on November 6, 2014 , the terms of which are attached hereto as Appendix "A" (the "Revenue Stipulation"), are not classified under the Plan.

*Impaired Non-Priority Unsecured Claims*

3.09   **CLASS 8** - The unsecured Class 8 education loans of the **U.S. Department of Education** as set forth in Claims No. 6 and 7 to the extent that such claim are allowed claims under the Code.

3.10   **CLASS 9** - All **Non-Priority Unsecured Claims** which are allowed non-priority claims under the Code.

*Equity Security Interests*

3.11   **CLASS 10** - All allowed **Equity Security Interests** of the Debtor in property of the Debtor.

# IV.  Treatment of Unimpaired Claims and Interests

4.01   All claims against or interests in the Debtor are impaired under the Plan with the exception of the Class 7 administrative claims which shall be paid upon Court approval and Class 10 equity security interests in the Debtor's property which shall be retained by Debtor and are unaffected by the Plan.

4

## Article V. Non-Classified Priority Tax Claims

5.01    **Non-Classified Claims**: The priority tax claims of the IRS as set forth in Claim No. 3 and Revenue, as set forth in the Revenue Stipulation, are not classified under the Plan. These claims shall be paid in full in sixty equal monthly payments with interest at three and one half percent per annum with payments commencing on the Plan Effective Date.

## Article VI. Treatment of Impaired Claims

6.01    **CLASS 1** - The Class 1 claimant, **Federal National Mortgage Association ("FNMA")**, shall retain the lien which secures such claim and shall be paid a 100% of such claim in accordance the terms of the contract upon which such claim with the exception that the arrearage on such claim as of the Plan Confirmation Date shall be paid in one-hundred twenty (120) equal monthly payments commencing on the Plan Effective Date.  Once the arrearage is cured, payments under the Plan shall end, the loan shall be deem reinstated, and all future payments shall be paid according to the terms of the contract upon which such claim is based and applicable state law.

6.02    **CLASS 2** - The lien held by the Class 2 claimant, **SunTrust Mortgage, Inc.**, shall be avoided through an action under Section 506 of the Code and such claim shall be treated as a Class 10 unsecured claim. In the event that such claim is not avoided, such claimant shall retain the lien which secures such claim and shall be paid a 100% of such claim according to the terms of the contract upon which such claim is based with the exception that the arrearage on such claim as of the Plan Confirmation Date shall be paid in 120 equal monthly payments commencing on the Plan Effective Date.

6.03    **CLASS 3** - The Class 3 claimant, the **IRS**, shall retain the lien which secures such claim and be paid a 100% of such claim  with interest at 3.5% in 60 equal monthly payments commencing on the Plan Effective Date.

6.04    **CLASS 4** - The lien held by the Class 4 claimant, **Revenue**, shall be avoided through an action under Section 506 of the Code and such claim shall be treated as a Class 10 unsecured claim. In the event that such claim is not avoided, such claimant shall retain the lien which secures such claim and shall be paid a 100% of such claim with interest at 3.5% per annum in 60 equal monthly payments commencing on the Plan Effective Date.

6.05    **CLASS 5** - The lien held by the Class 5 claimant, **Capital One Bank USA**, shall be avoided through an action under Section 506 of the Code and such claim shall be treated as a Class 10 unsecured claim. In the event that such claim is not avoided, such claimant shall retain the lien which secures such claim and shall be paid a 100% of such claim with interest at 3.5% per annum in 60 equal monthly payments commencing on the Plan Effective Date.

6.06    **CLASS 6** - The lien held by the Class 6 claimant, **Whirl Magazine, LLC**, shall be avoided through an action under Section 506 of the Code and such claim shall be treated as a Class 10 unsecured claim. In the event that such claim is not avoided, such claimant shall retain the lien which secures such claim and shall be paid a 100% of such claim with interest at 3.5% per annum in 60 equal monthly payments commencing on the Plan Effective Date.

6.07    **CLASS 8** - The Class 8 education loan claims held by the **U. S. Department of Education** shall be paid in full with interest at a rate of 3.5% per annum in one hundred ninety two (192) equal monthly payments in the amount of $1,390.00 beginning on the Plan Effective Date.

    a.    The parties are free to agree to modify the treatment of such claims under the Plan if any other option shall become more economically feasible. Any such modification must be in writing and agreed to by claimant and the Debtor.

    b.    The U.S. Department of Education or its assignee are enjoined from pursuing any collection remedies and/or seeking to reduce it claims to judgment against the Debtor, her property, and property of her bankruptcy estate so long as the Debtor makes all payments timely as required by the Plan on the Class 8 claims until said claims are paid in full or, if a default occurs, said default is not timely cured in accordance with Paragraph 11.09 of the Plan..

6.08    **CLASS 9** - Each holder of an allowed **Class 9 Non-Priority Unsecured Claim** shall be paid on account of such claim in full satisfaction of such claim thirty-two percent (32%) of such claim in twenty eight (28) quarterly payments commencing on the Plan Distribution Date as follows: the first twenty (20) quarterly payments shall be in the amount of 1.00% (which represents a 4.0% annual distribution) and the final eight (8) quarterly payments shall be in the amount of 1.50% per year (which represents a 6% annual distribution).

## Article VII. Means for Implementation of the Plan

7.01    **Implementation**: The Plan is to be implemented by the reorganized Debtor through the Debtor's future earnings.

7.02    **Litigation** - Litigation Necessary or Possible to Consummate Plan

    a.    Objections to and motions to strike claims and motions to determine the amount due to any creditor.

    b.    Actions to determine secured status of the following creditors which hold secured claims against the Debtor's Residence:

        (1)    SunTrust Bank (second mortgage)
        (2)    IRS (tax lien)

(3) PA Revenue (tax lien)
(4) Capital One Bank USA (judicial lien)
(5) Whirl Magazine (judicial lien)

# Article VIII.
# Provisions for Claims and Equity Security Interests Generally

8.01 **Contingent, Disputed, or Unliquidated Claims**: In the event that the claim of any creditor is contingent, unliquidated, or subject to a dispute on the Plan Confirmation Date, the Debtor and Creditor may, in their sole discretion, request the Court to estimate for the purpose of allowance under Section 502 of the Code, as soon as practicable after the Plan Confirmation Date, (a) any disputed, contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay administration of this Chapter 11 case, and (b) any right to payment arising from the right to an equitable remedy for breach of performance. Any holder of a disputed, unliquidated, or contingent claim, who has not sought the right to vote an estimated amount prior to the hearing on confirmation of the Plan shall not be entitled to vote on the Plan.

## Article IX. Discharge and Final Decree

9.01 *Discharge*: Upon completion of payments under the Plan to Class 9 claimants, the Debtor shall file a motion for entry of discharge to obtain a discharge of all liabilities to which the Debtor and the Debtor's estate are entitled to pursuant to 11 U.S.C. §1141 and said liabilities shall be discharged upon the entry of an order of discharge. The motion for entry of discharge shall not be considered as a motion to reopen the Chapter 11 case and a filing fee or reopening fee shall not be required upon the filing of said motion.

9.02. *Final Decree*: Promptly after the Plan Distribution Date, the Debtor shall file a motion for entry of a final decree to close the Debtor's chapter 11 proceeding subject to the Court retaining jurisdiction as set forth in paragraph 9.01 above and Article X.

## Article X. Retention of Jurisdiction

10.01 The Bankruptcy Court for the Western District of Pennsylvania shall retain jurisdiction of this case after the Plan Effective Date for the purposes set forth in 11 U.S.C.§§506, 524, 1127(b)(c)(d)(e), 1141, 1142, 1143, 1146, and this ARTICLE to determine the allowability, avoidability, and voidability of any claim or interest that arose prior to the Plan Effective Date, to fix allowance of compensation or other administrative expenses, whenever and however arising, to enforce the payment of all administrative expenses, to rule on any motion or complaint, whether filed prior or subsequent to the Plan Effective Date, and to enter a final decree after the entry of final decree to enter a discharge order and to adjudicated any motion filed by the Debtor to modify, interpret, or enforce the terms of the Plan.

# Article XI.  Miscellaneous Provisions

11.01  *Plan Amendments* - The treatment of any claim or other Plan provision may be amended by stipulation prior to the entry of a final decree closing the case provided such stipulation is approved by the Court or after entry of the final decree without Court approval.

11.02  *Non-Impairment by Agreement*: The Debtor and any claimant may enter into a stipulation to modify the contract upon which such claim is based to (a) remove all defaults which may exist under the contract as of confirmation of the Plan, (b) have the claim deemed current,  and ( c)  pay the claim according to the modified contract and state law and not under the Plan.

11.03  *Present Value Determinations*: In the event the Court rules that any proposed interest rate under the Plan for any class does not satisfy the Code's requirements, then the applicable interest rate for such class shall be such rate which is approved by the Court.

11.04  *Executory Contracts and Unexpired Leases* - All pre-petition executory contracts and unexpired leases of the Debtor shall be deemed rejected as of the Plan Effective Date unless an application to assume any such contract or lease is filed by the Debtor prior to the Plan Effective Date.

11.05  *Section 1129(a)(5) Disclosure* - The identity and affiliation of the only individual who is to serve, after confirmation of the Plan, as director, officer, or a voting trustee of the Debtor, and affiliates of the Debtor participating in the joint plan with the Debtor, or successor to the Debtor under the Plan is Natalia V. Zavodchikov.  The only insider who will be employed or retained by the reorganized Debtor is Natalia V. Zavodchikov whose approximate projected annual income for 2015 is $223,200.

11.06  *Remedy for Defects, Omissions, and Conflicts in Plan* - The Debtor may remedy any defect or omission, or reconcile any inconsistencies in the Plan, with approval of the Court, and so long as it does not materially or adversely affect the interests of the creditors in such a manner and as may be necessary to carry out the purposes, intent, and effect of the Plan. Prior to the entry of a plan confirmation order hearing such remedies may be set forth in the order confirming the Plan. After the entry of a final decree, such remedies shall become binding on the entry of an order approving such Plan remedies.

11.07  *Title to Property* - Upon the entry of a final decree, the Debtor shall be re-vested with his assets subject only to the outstanding liens which are neither voided or avoided by the Debtor .

11.08  *Pre-Payment Right* - The Debtor reserves the right at any time to prepay any claim in whole or in part without penalties.

11.09  *Right to Cure*: If the Debtor defaults on any payment obligation under the Plan, any

such creditor aggrieved by such default in enjoined from commencing any action against the Debtor or the Debtors' property on account of such default until such creditor provides written notice of the nature of such default by certified mail to the Debtor at 416 Johnston Road, Pittsburgh, PA 15241, and by ordinary mail to Debtor's bankruptcy counsel, Gary W. Short, at 212 Windgap Road, Pittsburgh, PA 15237. The Debtor shall have the right to cure any default on any plan obligation within fifteen (15) days of the receipt of notice by the Debtor of such default.

11.10  *Post-Confirmation Injunction:* The provisions of the Plan as confirmed bind the debtor, any entity acquiring property under the Plan, and any creditor, whether or not they accepted the plan or their claim is impaired under the Plan. Any discharge entered in this case shall not discharge a non-dischargeable debt.  In any creditor violates the terms of the Plan, the Debtor may file a motion to enforce the terms of the Plan and seek sanctions against such claimant as the Court may deem appropriate.

11.11  *Plan Distribution Address* - Unless a claimant requests a different payment address, the address to be used for plan distributions shall be the address listed on the Debtor's Schedules unless any such claimant filed a proof of claim which lists a payment address and/or a notice address In that event, the payment address shall be used. Otherwise, the notice address shall be used.

        Debtor
        /s/ Natalia V. Zavodchikov
        Natalia V. Zavodchikov

        /s/ Gary W. Short
        Gary W. Short, Esquire   (PA Bar I.D. No. 36794)
        212 Windgap Road, Pittsburgh, PA 15237
        Tele. (412) 765-0100 / Fax (412) 536-3977
        E-mail garyshortlegal@gmail.com

APPENDIX "A"
## DEBTOR - REVENUE STIPULATION TEXT

AND NOW, this ____ day of _____, 2014, it appearing that the Debtor, Natalia V. Zavodchikov ("Debtor"), and the Commonwealth of Pennsylvania, Department of Revenue ("Revenue"), have agreed to settle various issues relating to an untimely proof of claim filed by Revenue and it appearing that:

1. The bar date for government claims to be filed was July 1, 2014.
2. Revenue filed a proof of claim on July 29, 2014 for $171,017.82 ("Claim").
3. The Claim is composed of the following: (a) secured claim in the amount of $11,821.57 ("Secured Claim"); (b) priority non-audit claim in the amount of $7,625.95 ("Priority Non-Audit Claim"); (c) priority audit claim of $117,941.75 ("Audit Claim"); and (d) non-priority non-secured claim of $33,567.70 ("Unsecured Claim").
4. The Debtor disputes the entire Claim as being filed untimely and therefore not being an allowable claim.
5. The Debtor also disputes the Audit Claim as not only being untimely but also on the ground that the audit was not done correctly.
6. The Internal Revenue Service filed tax liens on December 6, 2007, for $81,133.87 (in the state of Louisiana) and on February 2, 2012 for $20,033.83 (in Allegheny County, PA).
7. Revenue filed a tax lien on August 5, 2008, for $11,821.57 (in Washington County, PA) and on October 18, 2010 for $8,156.10 (in Allegheny Co. PA).
8. The Debtor's residence located in Allegheny County, PA, recently appraised for $470,000. The Debtor listed on her Schedule B personal property worth $13,406.
9. The Debtor's residence is encumbered by a first mortgage in favor of Seterus, Inc. in the amount of $543,096.32 (per proof of claim) and a second mortgage in favor of SunTrust Mortgage, Inc. in the amount of $94,674.00 (per Schedule D).
10. The Debtor also disputes the Secured Claim on the ground that all of the property of the Debtor is fully encumbered by prior liens leaving no equity to support the Secured Claim.
11. The parties desire to minimize litigation expenses and resolve all issues related to the Claim and the Debtor's reorganization plan ("Plan") and agree as hereinafter set forth:

IT IS HEREBY ORDERED that:

a. The Audit Claim is disallowed;
b. The Secured Claim is avoided in its entirety;
c. The Priority Non-Audit Claim shall be deemed a timely filed allowed priority claim;
d. The Unsecured Claim shall be increased from $33,567.70 to $45,389.27 (to include the amount of the Secured Claim which is avoided by this order) and shall be deemed a timely filed allowed general unsecured claim;
e. Provided that the Plan or any reorganization plan filed by Debtor provides for payment of the Priority Claim with interest at 3.5% per annum in sixty equal payments commencing not later than 30 days after the Plan is confirmed, Revenue shall support confirmation of the such plan;
f. Provided that the Plan or any reorganization plan filed by Debtor provides that Revenue shall receive on account of its Unsecured Claim not less than 15% of such claim in deferred payments, Revenue shall support confirmation of the Plan, shall vote is Unsecured Claim in favor of the Plan, and authorizes the Debtor to file this order as an affirmative vote of the Unsecured Claim in favor of the Plan; and
g. Provided lastly that this Stipulation and Order shall be void and of no legal effect as to the allowance or treatment of the claims of Revenue if this case is dismissed or converted to a chapter 7 prior to confirmation of the Plan or any plan of reorganization which complies with paragraphs "e" and "f" above. Further if the Debtor fails to receive a discharge under Section 1141(d)(5) after confirmation of the Plan, if the Debtor fails to pay in full any Pennsylvania Income Tax due to be paid as an administrative tax period ending prior to the Final Decree applicable to a Plan as confirmed, or if the Debtor fails to pay the amounts due Revenue under this Stipulation and the Plan after such Plan is confirmed; provide however, Revenue must provide a notice of default as required by the Plan concerning any payment default and the Debtor shall have a right to cure such default as the Plan provides.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | ) | Case No. 14-20014 TPA |
| | ) | |
| **NATALIA V. ZAVODCHIKOV** | ) | Chapter 11 |
| | ) | |
| **Debtor.** | ) | |

**CERTIFICATE OF SERVICE**

    I, Gary W. Short, Esquire, do hereby certify that on the 22th day of November, 2014, true and correct copies of the Debtor's Amended Disclosure Statement, Amended Plan of Reorganization, and Amended Summary of Amended Plan of Reorganization were served by first class U.S. Mail, postage prepaid, on the following:

U. S. Trustee
Liberty Center
1001 Liberty Avenue
Suite 970
Pittsburgh PA  15222

Natalia V. Zavodchikov
416 Johnston Road
Pittsburgh, PA 15241


/s/ Gary W. Short
Gary W. Short, Esquire   (PA Bar I.D. No. 36794)
Counsel for the Debtor
212 Windgap Road, Pittsburgh, PA 15237
Tele. (412) 765-0100 / Fax (412) 536-3977
E-mail garyshortlegal@gmail.com